**HI FENG YE, aka He Feng Ye, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–3218–ag.

United States Court of Appeals, Second Circuit.

May 9, 2007.

Gary J. Yerman, New York, NY, for Petitioner.

Colm F. Connolly, United States Attorney for the District of Delaware, Patricia C. Hannigan, Assistant United States Attorney, Wilmington, DE, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. CHESTER J. STRAUB and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Hi Feng Ye, a native and citizen of China, seeks review of a June 23, 2006 order of the BIA affirming the March 29, 2005 decision of Immigration Judge ("IJ") Alan L. Page denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Hi Feng Ye*, No. A79 683 086 (B.I.A. June 23, 2006), *aff'g* No. A79 683 086 (Immig. Ct. N.Y. City Mar. 29, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See Twum v. INS*, 411 F.3d 54, 59 (2d Cir.2005). This Court reviews factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

As an initial matter, Ye argues that the IJ did not make an adverse credibility finding in this case and that we should presume he was credible. This is a mis-

reading of the IJ's decision. Although Ye is correct that the IJ never used the phrase "adverse credibility finding" in his decision, it is clear from the IJ's language that he did not believe Ye's claim. *Cf. Diallo v. INS*, 232 F.3d 279, 287 (2d Cir. 2000) (requiring that the agency make an explicit ruling on the applicant's credibility). At the outset, the IJ stated that if Ye could prove that he was involved with Falun Gong, or that the government believed that he was a Falun Gong practitioner or supporter, he would be able to establish the requisite burden for relief. The IJ then went on to note several concerns regarding Ye's testimony, and concluded by stating, "I am just not convinced that the respondent's testimony is plausible, coherent, or sufficiently detailed to lead this Court to the conclusion that the respondent would suffer persecution if returned to China or has suffered persecution in the past." These statements clearly indicate that the IJ found Ye's testimony insufficiently credible to sustain his burden.

The IJ's adverse credibility determination primarily rested on perceived implausibilities in Ye's claim. While an adverse credibility determination may be based on the inherent implausibility of particular allegations, a finding of implausibility must not be based on flawed reasoning, speculation or conjecture. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). Speculation is "bald" and impermissible when "there is a complete absence of probative facts to support the conclusion reached." *Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir.2007) (internal quotation mark omitted). However, "[t]he speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience. So long as an inferential leap is tethered to the eviden-

tiary record, we will accord deference to the finding." *Id.* at 168–69.

■ Although we do not agree with all of the IJ's adverse credibility findings, the non-erroneous findings were supported by the record and are sufficient for us to confidently predict the agency would reach the same conclusion on remand. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338–40 (2d Cir.2006). The IJ found that Ye's testimony was implausible about how he was released from detention, why the police never sought to arrest his wife, how his family was able to obtain a national ID card on his behalf, and his level of commitment to Falun Gong. These findings were tethered to some evidence in the record, and, as a result, we cannot conclude that the IJ engaged in improper speculation. In addition, we agree with the IJ that Ye was inconsistent about how many times the police sought to arrest his parents. The IJ reasonably determined that these implausibilities and inconsistencies directly undercut Ye's claims of past persecution and well-founded fear of future persecution. Accordingly, we find that substantial evidence supports the IJ's determination that Ye failed to present sufficiently plausible and credible evidence to sustain his burden of proof for his asylum claim.

■ Because the only evidence of a threat to Ye's life or freedom, or a likelihood that he would be tortured, depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. The pending mo-

tion for a stay of removal in this petition is DENIED as moot.